MARIAN M. ADKINS

*v.*

CIVIL SERVICE COMMISSION OF WEST VIRGINIA, *et al.*

(No. 13909)

Decided October 18, 1977.

*Huddleston, Bolen, Beatty, Porter & Copen, Fred Adkins,* for appellant.

*Chauncey H. Browning,* Attorney General, *Betty L. Caplan,* Assistant Attorney General, for appellee.

NEELY, JUSTICE:

In this case the appellant, Marian M. Adkins, challenges the authority of the Director of Personnel of the Civil Service Commission of West Virginia (Commission) to require her to pass a written examination as a prerequisite to her promotion at Huntington State Hospital from Secretary III to Personnel Assistant I. By final order of February 22, 1977 the Commission refused to

waive the written examination requirement, and the appellant brought the case directly to this Court for review of the final order. We affirm the Commission's ruling.

The problem began on September 13, 1976 when the Superintendent of Huntington State Hospital requested the Commission's Director of Personnel to approve Marian M. Adkins' promotion to Personnel Assistant I at the hospital. In his written request the Superintendent stated that Mrs. Adkins' experience in personnel management qualified her for the new position, and it was apparent that the Superintendent, as appointing authority, was willing to make the promotion solely on the basis of Mrs. Adkins' experience. In response to the Superintendent's request the Director of Personnel scheduled Mrs. Adkins to take a written examination on September 30, 1976. Mrs. Adkins took the test and failed. She was rescheduled for testing on December 6, 1976, and again failed. Finally, on January 19, 1977, Mrs. Adkins requested a hearing before the Commission to press her claim that the appointing authority could promote her to Personnel Assistant I despite the Commission's insistence that she pass a written qualification examination for that position. On February 22, 1977 the Commission, without granting Mrs. Adkins a hearing, refused to waive the examination requirement and thus set the stage for this appeal.

While our attention has been directed to several statutes and Civil Service Rules and Regulations in this appeal, the controversy centers primarily on the following rule:

"A candidate for promotion must be certified by the Director to possess the qualifications for the position as set forth in the specifications for the class of position for which he is a candidate, and he may be required by the appointing authority to qualify for the new position by promotional competitive or non-competitive examination administered by the Director." Article X, § 1, paragraph 2, *Rules and Regulations of West Virginia Civil Service Commission.*

The appellant argues that the second independent clause of this rule vests the appointing authority with discretion to determine whether he will require a candidate for promotion to take a promotional examination. The argument focuses on the rule's use of the conditional "may": if the appointing authority may require an examination, he also, by the same token, may *not*.

It is conceded that the appointing authority can say, for his part, whether he wants the candidate for promotion to take an examination. The real question, however, is whether the appointing authority's preference in this respect is binding on all others who are concerned with the promotion. The rule itself does not grant the appointing authority exclusive power to set or to waive examination requirement. On the contrary, the rule specifically requires the Director to certify that a candidate for promotion possesses the requisite qualification for the position he seeks. Since neither this rule nor other applicable provisions of law prohibit the Director from using tests to evaluate a candidate's qualifications, the Court concludes that the Director can properly require the appellant to pass a written examination before certifying her qualifications.

An ancillary issue for the Court to determine in this case is whether the appellant was entitled to a formal hearing before the Commission. Appellant requested a hearing pursuant to Article XVI, § 1 of the *Rules and Regulations of the West Virginia Civil Service Commission,* which states in pertinent part:

> "No person shall be ... discriminated against with respect to employment in the classified service because of political or religious opinions or affiliations, race, national origin, or other non-merit factors. This prohibition shall apply ... to promotion ... A person who alleges such discrimination shall have the right of appeal to the Commission. ..."

The appellant claims that her case is encompassed by the phrase "other non-merit factors" in the above-

quoted rule, but the Commission concluded that the appellant did not make out a case of discrimination.

Procedurally the Commission's action in this matter would be akin to a court's sustaining a demurrer on the part of the Director, because it appears from the face of appellant's request that all of the appellant's allegations, even if true, would not entitle her to relief. Appellant raised the issue of the Commission's legal conclusion on appeal, as was perfectly proper, and we find that the Commission was correct in determining as a matter of law that the appellant was not entitled to relief under any set of facts alleged. Even when removed from the context which gives the phrase meaning, "non-merit factors" do not include examination requirements which are intended to measure whether a candidate merits promotion, unless there is an allegation that the Director is intentionally treating the employee in a different manner from other employees in the same class.

For the foregoing reasons the ruling of the Civil Service Commission is affirmed.

*Affirmed.*